**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| OLIVER JACKSON, )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>INTERNATIONAL PAPER COMPANY, )<br>    Defendant. )<br>_____ )<br>    )<br>INTERNATIONAL PAPER COMPANY, )<br>    Third Party Plaintiff, )<br>    )<br>    v. )<br>    )<br>TRANSCORR, LLC, )<br>    Third Party Defendant. ) | CAUSE NO.: 2:13-CV-429-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendant/Third-Party Plaintiff International Paper Company's Motion to Strike and Exclude Plaintiff's Improper Expert Disclosure of Dr. R. Matthew Brach, Ph.D., P.E. [DE 34], filed on July 9, 2015, and on Plaintiff's Motion for Enlargement of Time to File Rebuttal Expert Report [DE 35], filed on July 10, 2015. Both motions are ripe for ruling.

On October 10, 2013, Plaintiff filed a Complaint in the Lake County, Indiana, Superior Court, alleging negligence against Defendant International Paper Company. Defendant removed this action to the United States District Court, Northern District of Indiana, Hammond Division, on November 22, 2013, and filed its Answer on December 9, 2013. Defendant filed a Third Party Complaint against Transcorr, LLC on May 27, 2014. Transcorr, LLC filed an Answer on July 25, 2014. On September 18, 2015, the Court issued a scheduling order, setting the deadline for Plaintiff's expert witness disclosures and reports for March 30, 2015, the deadline for Defendant's expert witness disclosure and reports for April 29, 2015, and the deadline for Rule

26(e) supplements for May 29, 2015. The discovery and expert discovery deadlines were set for June 29, 2015.

On April 16, 2015, pursuant to an extension agreed upon by the parties, Plaintiff disclosed several Rule 26(a)(2) witnesses, along with an explanation of the subject matter on which each witness was expected to present evidence and a summary of the facts and opinions on which each witness was expected to testify, in accordance with Rule 26(a)(2)(C). None of Plaintiff's disclosed experts was retained or specifically employed to provide expert testimony under Rule 26(a)(2)(B).

On May 15, 2015, Defendant disclosed the identity and report of its retained expert witness, Michael A. Sutton.

On May 29, 2015, Plaintiff made supplemental disclosures under Rule 26(e), and disclosed Dr. R. Matthew Brach, Ph.D., P.E pursuant to Rule 26(a)(2)(C). The document provided that "[n]one of the identified anticipated expert and/or skilled witnesses anticipated have been currently retained or specifically employed to provide expert testimony." Nevertheless, Plaintiff disclosed that Dr. Brach "is expected to present evidence rebutting the findings and/or opinions contained within the report of Defense Expert Michael A. Sutton. We expect him to testify regarding the deficiencies and assumptions contained within the report of Michael A. Sutton." Plaintiff disclosed Dr. Brach's curriculum vitae and "Professional Profile," which reveal that Dr. Brach is a Senior Managing Consultant with Engineering Systems, Inc. and an expert professional engineer who specializes in vehicle impact analysis, vehicle dynamics, and automotive accident reconstruction.

## ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(B) provides:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness

2

> is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>> (ii) the facts or data considered by the witness in forming them;
>> (iii) any exhibits that will be used to summarize or support them;
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 26(a)(2)(D) provides that, absent a stipulation or a court order, an expert disclosure "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [must be made] within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii).

Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The consequence for failing to comply with Rule 26(a)(2)(B) is "exclusion of an expert's testimony . . . 'unless the failure was substantially justified or is harmless.'" *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010) (citing *Gicla v. United States*, 572 F.3d 407, 410 (7th Cir. 2009) (quoting Fed. R. Civ. P. 37(c)(1))). Courts consider several factors when deciding whether non-compliance with Rule 26(a) is harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4)

the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

In the instant motion, Defendant seeks an order excluding the expert testimony of Dr. Brach because Plaintiff did not serve an expert report as required by Rule 26(a)(2)(B). Plaintiff did not disclose any Rule 26(a)(2)(B) expert in his original expert disclosures. The disclosure of Dr. Brach by the May 29, 2015 deadline for Rule 26(e) supplements was not as a Rule 26(a)(2)(B) retained expert but rather as witness under Rule 26(a)(2)(C), for which no report is required. Nevertheless, Plaintiff's disclosure identified Dr. Brach's expected testimony as exclusively related to his findings as an expert in his field. Thus, he was disclosed for the express purpose of giving expert rebuttal testimony. Because Plaintiff's supplemental expert witness disclosure did not include a written report or the information required under Rule 26(a)(2)(B)(i)-(iv), the disclosure is improper and exclusion of Dr. Brach's testimony is the proper remedy.

In his response brief, Plaintiff notes that Dr. Brach's disclosure was made within 30 days of Defendant's disclosure of its expert Michael A. Sutton. Yet, he admits that no expert report was provided with Dr. Brach's disclosure and that Dr. Brach has not yet authored a report. Instead, he asserts, without explanation, that Dr. Brach's rebuttal expert report cannot be drafted until the discovery deposition of Sutton. Thus, Plaintiff contends that his failure to attach a report to the disclosure of Dr. Brach was justified and harmless.

The Court disagrees. Dr. Brach was not disclosed on May 29, 2015, as a retained expert under Rule 26(a)(2)(B); he was disclosed as a Rule 26(a)(2)(C) expert. That characterization was a misrepresentation of the intended use of Dr. Brach's expert testimony. It is apparent from Dr.

4

Brach's curriculum vitae and Professional Profile that Dr. Brach is a retained witness. Plaintiff admits as much in his response brief. If Plaintiff retained Dr. Brach to offer expert opinions in this matter, he should have been disclosed so by the April 16, 2015 deadline. Plaintiff may not now use Rule 26(e), or even Rule 26(a)(2)(D)(ii) to untimely disclose an expert to offer liability opinions. To the extent that Dr. Brach is being offered solely as a rebuttal expert, Plaintiff has not offered any explanation why Dr. Brach could not offer a rebuttal opinion based on Sutton's expert report, which offered ten delineated opinions. *See Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010) (explaining that the purpose of an expert report is to "'convey the substance of the expert's opinion . . . so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary'" (quoting *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009))). Nor did Plaintiff seek an extension of time to disclose Dr. Brach's expert rebuttal report before the expiration of the thirty-day deadline following Defendant's disclosure of Sutton. Defendant timely disclosed its expert and expert report as required under the rules. The discovery and dispositive motion deadlines, although extended, are rapidly approaching. Plaintiff's improper expert disclosure is neither justified nor harmless.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant/Third-Party Plaintiff International Paper Company's Motion to Strike and Exclude Plaintiff's Improper Expert Disclosure of Dr. R. Matthew Brach, Ph.D., P.E. [DE 34] and **DENIES** Plaintiff's Motion for Enlargement of Time to File

Rebuttal Expert Report [DE 35]. The Court **STRIKES** Plaintiff's disclosure of Dr. R. Matthew Brach as an expert witness and **EXCLUDES** all testimony and opinions of Dr. Brach.

SO ORDERED this 20th day of August, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
