## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| OLIVER JACKSON,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNATIONAL PAPER COMPANY,<br>　　　　　Defendant.<br>─────────────────────────────<br><br>INTERNATIONAL PAPER COMPANY,<br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>TRANSCORR, LLC,<br>　　　　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 2:13-CV-429-PRC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant/Third-Party Plaintiff, International Paper Company's Motion for Summary Judgment [DE 46], filed on October 29, 2015. For the reasons set forth below, the Court grants the Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

On October 10, 2013, Plaintiff Oliver Jackson filed a Complaint against Defendant International Paper Company in the Lake Circuit Court, Lake County, Indiana. Plaintiff makes the following allegations in the Complaint. On May 9, 2012, he was operating a 2007 Freightliner pursuant to his employment with TransCorr, LLC. He traveled to Defendant International Paper Company's mill in the town of Cayuga, Indiana, where Plaintiff picked up a pre-loaded trailer that was loaded with 6 rolls of paper in an enclosed trailer. The trailer was attached to the tractor and was intended for delivery by Plaintiff. Plaintiff began operating the tractor and trailer on U.S. Highway 41 North toward the delivery destination. Approximately an hour later, Plaintiff attempted to exit

at the U.S. Highway 41 Northbound ramp 2 to Interstate 80 Westbound in the City of Hammond, Lake County, Indiana. Plaintiff alleges that as he entered the ramp, suddenly and without warning, the load within the trailer shifted, causing the tractor and trailer to roll over on its left side and collide with the roadway and guardrail.

Plaintiff alleges that Defendant breached the applicable duty of care and was careless and negligent and/or reckless, resulting in the collision. Specifically, Plaintiff alleges that Defendant failed to properly brace or secure the load within the trailer, which resulted in the load breaking loose and destabilizing the tractor and trailer causing the roll over and crash; failed to properly secure the paper rolls, which were loaded with the eyes vertical in a sided vehicle with no securement to prevent rear movement in violation of Indiana Code and the Code of Federal Regulations; failed to properly educate, train and/or supervise the employees responsible for loading and securing paper rolls and/or loads such as the load at issue; and was otherwise careless or negligent, causing the collision.

The case was removed to this Court on November 22, 2013.

Defendant International Paper Company filed an Answer on December 9, 2013.

On February 20, 2014, the Court set a deadline of September 30, 2014, for Plaintiff's expert witness disclosures and reports and a discovery deadline of January 30, 2015.

On May 27, 2014, Defendant filed a Third Party Complaint against Transcorr, LLC, which filed an Answer on July 25, 2014.

On September 18, 2014, the Court held a scheduling conference and reset the deadline for Plaintiff's expert witness disclosures and reports to March 30, 2015, and the discovery deadline for June 29, 2015.

On July 1, 2015, the Court granted Plaintiff's motion to extend the discovery deadline to September 29, 2015.

On August 20, 2015, the Court issued an Opinion and Order, granting Defendant's Motion to Strike and Exclude Plaintiff's Improper Expert Disclosure of Dr. R. Matthew Brach, Ph.D., P.E. and denying Plaintiff's Motion for Enlargement of Time to File Rebuttal Expert Report.

On October 29, 2015, Defendant filed the instant Motion for Summary Judgment and a Notice to Pro Se Plaintiff. On November 20, 2015, the Court extended Plaintiff's response deadline to December 17, 2015. The Court reaffirmed the December 17, 2015 response deadline on December 1, 2015. Plaintiff has not filed a response, and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-

moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address

another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

On May 9, 2012, Plaintiff Oliver Jackson was operating a 2007 Freightliner truck tractor-trailer pursuant to his employment as a truck driver with TransCorr, LLC. Plaintiff was hired as a truck driver at TransCorr in 2011 and was assigned to the same route five days a week for the year leading up to the occurrence. Plaintiff was assigned to the "International Paper corrugated run," which required him to travel in a triangle among various International Paper mills.

On May 9, 2012, Plaintiff arrived at the International Paper Cayuga mill to pick up a trailer assignment. The trailer assigned to Plaintiff had already been sealed by the time Plaintiff arrived at the mill. The trailer contained six rolls of paper: four 94-inch by 55-inch rolls of paper, one 94-inch by 54-inch roll of paper, and one 98-inch by 55-inch roll of paper. The paper contained in the trailer was loaded and sealed at the Cayuga mill. Plaintiff did not see the paper load prior to the occurrence and had no idea how the paper rolls were placed within the trailer. Before exiting the mill with the pre-loaded and sealed trailer, Plaintiff was required to "scale out" and testified that "everything was on axle the way it was supposed to have been." (Def. Br., Ex. A, p. 60). At the time Plaintiff exited the paper mill with the pre-loaded and sealed trailer, the weight of the cargo on the trailer was evenly distributed. (*Id*. at 69:1-4; 92:19-22).

Plaintiff proceeded from the mill to U.S. Highway 41 on the designated International Paper route where he traveled for approximately 90 miles to Indianapolis Boulevard. At Indianapolis Boulevard, Plaintiff was at a traffic light getting ready to merge onto Interstate 80/94 via a 360-degree single lane ramp. Plaintiff testified that as he ascended the ramp to merge onto Interstate 80/94, he was looking to his left to navigate the merging traffic when a vehicle came up on his right side in the emergency lane and "shot in front" of him. (*Id*. at 80-81). Plaintiff testified he was not looking to his right and had no reason to look to his right because no cars should have been on his right side. (*Id*. at 81:6-8; 82:6-8).

In response to his belief that the passing vehicle may stop in front of him, Plaintiff "engaged the brakes hard and pulled the steering wheel to the left." (Def. Br., Ex. 3, Pl. Resp. to Inter. 23; Def. Br. Ex. 1, at 158). The truck rolled over on the driver's side onto the wall separating the ramp from the interstate merge. (Def. Br., Ex. 1, at 73).

Indiana police arrived at the scene and noted "unsafe speed" as the primary cause of the occurrence. No vehicle or environmental contributing factors were noted as a cause of the occurrence on the report.

Defendant retained expert engineer Michael A. Sutton to investigate the rollover accident. On May 15, 2015, Defendant timely served Plaintiff with its F.R.C.P. 26(a)(2) disclosure, identifying the use of Mr. Sutton as an expert witness and attaching his report and qualifications. Mr. Sutton reviewed the Indiana Officer's Standard Crash Report and Driver/Vehicle Examination Report, the bill of lading of the paper stock loaded onto the trailer on the day of the accident, discovery material from Plaintiff, discovery material from Transcorr, LLC, discovery material from Defendant, aerial photographs of the accident site, Federal Motor Carrier Safety Regulations 49 CFR part 393.122, and the American Association of State Highway and Transportation Officials "A Policy on Geometric Design of Highways and Streets, 2001."

Based upon his review of the material and his knowledge, qualifications, and expertise, Mr. Sutton offers the opinion that "[t]here is no evidence that the positioning or securement of the paper roll load caused or contributed to this accident." (Def. Br., Ex. A, Sutton Report, ¶ 10). Mr. Sutton also offers the following additional opinions regarding causation:

• The securement of the paper rolls was consistent with federal regulations and industry standards. *Id*. at ¶ 1.

• Accelerations sufficient to move a paper roll would only occur after the tractor trailer has already begun to roll over. *Id*. at ¶ 2.

• The minimum sustained acceleration rate to cause a paper roll to tip exceeds the maximum sustained deceleration rate for a truck like the one Plaintiff was driving. *Id*. at ¶ 3.

• The placement of the paper rolls on a friction mat prevents movement of the rolls, and, in general, the braking, accelerating, and cornering capability of a tractor trailer is insufficient to cause movement of a roll relative to the trailer. *Id*. at ¶ 4.

• Plaintiff's deceleration may have caused minor motion of the paper insufficient to result in a lateral imbalance or increased risk of a rollover. Furthermore, at the speed Plaintiff claims to have been driving, the truck would have come to a stop prior to amassing enough energy to roll over. *Id*. at ¶ 5-6.

• The g-force generated by a truck traveling at Plaintiff's alleged rate of speed would have been insufficient to tip or slide a paper roll. Furthermore, the rollover threshold of the truck is calculated at a lower g-force than that necessary to tip or slide a paper roll. Accordingly, the truck would roll before the paper began to slip or tip. *Id*. at ¶ 7.

• To generate enough g-force of lateral acceleration to roll the truck, Plaintiff would have to be traveling 30 to 32 mph. At that speed, the truck would be at risk for a rollover regardless of the way the cargo was positioned and secured. *Id*. at ¶ 8.

• The physical evidence demonstrates that Plaintiff caused the accident by driving at an unsafe speed on the exit ramp. *Id*. at ¶ 9.

Plaintiff's proposed rebuttal expert disclosure was stricken and the testimony and opinion of the proposed expert was excluded by the Court on August 20, 2015.

## ANALYSIS

To prevail on a claim for negligence under Indiana law, a plaintiff must prove: (1) the defendant owed the plaintiff a duty of care at the time the injury occurred; (2) the defendant's behavior did not conform to that standard of care; and (3) the plaintiff's injuries were proximately caused by the defendant's breach of the duty of care. *Neal v. Cure*, 937 N.E.2d 1227, 1236 (Ind. Ct. App. 2010) (citing *McSwane v. Bloomington Hosp. and Healthcare Sys.*, 916 N.E.2d 906, 910 (Ind. 2009)). Defendant International Paper Company seeks summary judgment in its favor on Plaintiff Oliver Jackson's Complaint on the basis that Plaintiff has failed to make a showing sufficient to establish causation. Defendant argues that Defendant has offered expert testimony negating

causation and Plaintiff has offered neither expert testimony to create a genuine issue of material fact as to causation nor sufficient factual evidence to establish causation. Plaintiff has not filed a response, and the time to do so has passed.

Under Indiana law, the plaintiff bears the burden of proving every element of the prima facie case of negligence, including causation. *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994); *see also Porter v. Whitehall Labs., Inc.*, 791 F. Supp. 1335 (S.D. Ind. 1992) (citing *Cowe by Cowe v. Forum Grp.*, 575 N.E.2d 630, 636 (Ind. 1991)). The plaintiff "must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing both that the wrongful act was the cause in fact of the occurrence and that the occurrence was the cause in fact of [his] injury." *Daub*, 629 N.E.2d at 877-78. A plaintiff cannot meet his burden on causation with evidence based upon mere speculation. *Id*. Expert testimony is necessary when the issue of causation is not within the understanding of a lay person. *Id*. This is because an expert "who has the ability to apply principles of science to the facts, has the power to draw inferences from the facts which a lay witness or jury would be incompetent to draw." *Id*.

In *U-Haul International v. Nulls Machine and Manufacturing Shop*, the Indiana Court of Appeals affirmed summary judgment for the defendant when the plaintiff "failed to demonstrate a material issue of fact on the question of proximate cause." 736 N.E.2d 271, 285 (Ind. Ct. App. 2000) (citing *Long v. Methodist Hosp. of Ind., Inc.*, 699 N.E.2d 1164 (Ind. Ct. App. 1998) (finding that the issue of proximate cause was properly before the court because the defendant had designated the affidavit of an expert stating that defendant's conduct did not cause the plaintiff's injuries)). The *U-Haul* case involved allegations of the failure of a valve within a vehicle braking system. *Id*. at 284-85. The court found that the defendant had designated expert evidence negating the element of

causation and that the plaintiff had failed to refute the evidence with its own expert opinion on causation. *Id*. at 285. In requiring expert testimony on such a technical issue, the court explained that, "[a]lthough most people are undoubtedly aware that the purpose of a vehicle's brake system is to stop the vehicle's motion, the manner in which the separate components operate within that system is beyond their knowledge or understanding." *Id*. The court went on to hold that, "when liability is premised upon an allegation that a specific component of the brakes failed and caused the brakes to malfunction, expert testimony on that subject is necessary." *Id*.

Here, Plaintiff is alleging that the improper loading and securement of six large rolls of paper caused his vehicle to roll over. As in *U-Haul*, although most people are undoubtedly aware that a shift in weight can generally cause imbalance, the manner and force required to prevent and/or achieve an imbalance sufficient to roll a truck is a technical and scientific calculation based upon gravitational forces that is beyond the knowledge or understanding of most lay individuals. As outlined above in the report of Defendant's expert, Mike Sutton, determining whether Plaintiff's accident could have been caused by the placement of the paper rolls requires analysis and calculation of technical issues such as rate of speed, acceleration, deceleration, g-force, and geometry. Mr. Sutton is qualified to perform such an analysis and has determined that "there is no evidence that the positioning or securement of the paper roll load caused or contributed to this accident." (Def. Br., Ex. 5).

Accordingly, Mr. Sutton has negated an essential element of Plaintiff's claim–causation, and Plaintiff has not come forward with expert opinion and testimony to refute or raise a question of fact as to Mr. Sutton's expert opinion. Plaintiff cannot now or ever come forward with such evidence, as Plaintiff has no expert. The time for disclosing and designating expert opinions has passed, and

Plaintiff's purported expert has been excluded from offering any opinions or testimony. *See* (Docket entry 38). Accordingly, because Plaintiff has failed to demonstrate a material issue of fact on the question of causation, summary judgment on behalf of Defendant is warranted.

Even if Plaintiff were not required to establish causation through expert opinion in this case, he has still failed to offer any evidence to create a genuine issue of material fact as to causation. Expert testimony is not required on causation if a plaintiff presents sufficient circumstantial evidence to constitute a legal inference as opposed to mere speculation. *Passmore v. Barrett*, No. 2:13-CV-290, 2015 WL 3737137, at *4 (N.D. Ind. June 15, 2015) (citing *Smith v. Beaty*, 639 N.E.2d 1029, 1034 (Ind. Ct. App. 1994)), *reconsideration denied*, No. 2:13-CV-290, 2015 WL 5350916 (N.D. Ind. Sept. 14, 2015). "[T]he plaintiff's burden may not be carried with evidence based merely upon supposition or speculation." *Smith*, 639 N.E.2d at 1033-34; *Daub*, 629 N.E.2d at 877. Furthermore, "standing alone, evidence establishing a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict." *Daub*, 629 N.E.2d at 877; *Taylor v. Cmty. Hosps. of Ind., Inc.*, 949 N.E.2d 361, 364 (Ind. Ct. App. 2011) ("[N]egligence cannot be established through inferential speculation alone." (quoting *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991)); *see also Luphahla v. Marion Cnty. Sheriff's Dept.*, 868 N.E.2d 1155, 1157-58 (Ind. Ct. App. 2007) (citing *Topp v. Leffers*, 838 N.E.2d 1027, 1033 (Ind. Ct. App. 2005), *trans. denied*, 855 N.E.2d 998 (2006)).

In *Daub*, the plaintiff slipped on the defendant's patio and began experiencing back pain sometime thereafter. 629 N.E.2d at 877. Because the plaintiff failed to designate any medical expert who could link her injury to the slip on the patio, the trial court granted judgment in favor of the defendants at the close of the plaintiff's evidence. *Id*. at 877. On appeal, the court affirmed the trial

court's ruling, finding that the plaintiff's testimony alone was "so lacking in probative value on the question of cause in fact that it offers the jury at best only the mere possibility that her back ailment was in fact caused by the slip [she] experienced . . . ." *Id*. at 878.

Similarly, in *Buckner v. Sam's Club, Inc.*, the plaintiff alleged that she stepped on a small object near a watch display at a store and suffered injury, but the small object was never found. 75 F.3d 290, 291-92 (7th Cir. 1996). After affirming the district court's exclusion of a self-serving affidavit from the plaintiff and an inappropriate "expert" affidavit, the Seventh Circuit affirmed summary judgment for the defendant because the plaintiff had "no evidence linking the accident with [defendant's] alleged negligence; their case lacked the critical element of causation." *Id*. at 293. The court noted that "no one has seen this mysterious object" that allegedly caused the injury and there was "no direct evidence to support that conclusion." *Id*. at 294.

In the instant case, the paper rolls at issue were loaded and sealed in the trailer before Plaintiff got to the mill. Plaintiff never saw the paper rolls prior to the accident and unequivocally testified that he has no idea how the paper was loaded and secured within the trailer. Yet, Plaintiff acknowledged that the weight of the cargo within his trailer was evenly distributed at the time of departure. In other words, Plaintiff has no information as to how the paper was loaded and secured. Thus, Plaintiff's allegations that the paper rolls were improperly loaded and secured and that the alleged improper loading and securing caused the rollover is speculative and devoid of any probative value.

Plaintiff has offered no evidence supporting his theory other than the fact that the rollover occurred. Plaintiff's unsupported assertions regarding the paper load are even less probative and more speculative when considered alongside Plaintiff's own testimony that he had to brake hard to

avoid another vehicle and that he was cited for traveling at an unsafe speed. In other words, even if the loading and securement of the paper were one possible cause of the rollover, there is no evidence to suggest that any inference to be drawn about the paper is probative enough to be elevated above any inference that the Plaintiff's own maneuver to the left or rate of speed was just as likely to have caused the rollover. In fact, Defendant's expert specifically opines that it was Plaintiff's behavior, and not the placement of the paper rolls, that caused the occurrence. Therefore, even if Plaintiff were not required to offer an expert opinion in this case, the evidence before the Court is devoid of any facts sufficient to establish causation, and summary judgment in favor of Defendant is warranted on this additional ground.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant/Third-Party Plaintiff, International Paper Company's Motion for Summary Judgment [DE 46]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant International Paper Company and against Plaintiff Oliver Jackson.


The Third-Party Complaint brought by International Paper Company against Transcorr, LLC **REMAINS PENDING**.

So ORDERED this 18th day of December, 2015.

s/ Paul R. Cherry_____
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     Pro se Plaintiff